COLONIAL THEATRICAL ENTERPRISES *v.* SAGE.

1. COSTS—DEMAND FOR ADMISSION OF FACTS—ITEMIZATION—NECESSITY.

 Plaintiff in suit for specific performance of option to purchase leasehold interest in theater property *held,* not entitled to allowance of $5,000 for attorney fees and $578.84 for expenses as taxable costs necessitated by defendant's refusal upon plaintiff's demand to admit presence of a deceased defendant at time option was negotiated, at its delivery and his receipt of $1,500 therefor where application and supporting affidavit for such allowance were not made until nine months after trial, no itemized statement was made, absolute necessity of the required evidence was not shown, nor showing made that such evidence could not have been procured by other witnesses, than those from Florida, and produced at the trial (Court Rule No. 42 [1931]).

2. APPEAL AND ERROR—ACCOUNTING — SPECIFIC PERFORMANCE—OPTIONS—LEASES—TAXES.

 On appeal from decree entered by trial court on remand from Supreme Court in suit for specific performance of an option to purchase a leasehold interest in real estate, trial court's findings as to debits and credits for taxes and rents in accounting phase of case is affirmed in view of absence of covenants between plaintiff and defendants as to such items and absence of disagreement as to rental value.

3. COSTS—INTEREST—WITHDRAWAL FROM COURT—STIPULATIONS.

 Interest is not allowed as a taxable cost on any money which plaintiff failed to withdraw after entry of order pursuant to stipulation, permitting withdrawal from court of approximately amount trial judge found due plaintiff.

4. DAMAGES—DOUBLE DAMAGES—FORCIBLE ENTRY AND DETAINER— SPECIFIC PERFORMANCE OF OPTION TO PURCHASE LEASEHOLD INTEREST.

 Statute entitling successful plaintiff to double damages in proceeding to obtain restitution of premises for duration of a forcible detention *held,* inapplicable on appeal from decree on

remand from Supreme Court wherein plaintiff, seeking specific performance of an option to purchase a leasehold interest, obtained a decree adjudicating it to be entitled to premises as of a certain date, decreeing damages against parties who gave the option but leaving plaintiff to action at law against defendant sublessees, actually in possession under a sublease given prior to option (3 Comp. Laws 1929, § 14986).

Appeal from Wayne; Moll (Lester S.), J. Submitted June 23, 1937. (Docket No. 105, Calendar No. 39,221.) Decided November 10, 1937.

Bill by Colonial Theatrical Enterprises, a Michigan corporation, against Albert A. Sage and others for specific performance of an option to purchase a leasehold interest of real estate. Cross-bill by defendants Cohen against plaintiff and another for quiet enjoyment and other relief. From decree after remand from Supreme Court, plaintiff appeals. Affirmed.

*Shapero & Shapero* (*Wilber M. Brucker* and *William Henry Gallagher,* of counsel), for plaintiff.

*Finkelston, Lovejoy & Kaplan,* for defendants Cohen.

SHARPE, J. This cause came before our court upon another occasion and is reported in *Colonial Theatrical Enterprises* v. *Sage,* 255 Mich. 160. The facts are that in September, 1930, the Cohens were the sublessees of the Colonial Theatre in Detroit, Michigan. Their lease, among other provisions, gave them the right to renew for an additional period of 15 years, provided they gave notice to that effect prior to December 1, 1929. They failed to give such notice and on the contrary gave notice September 10, 1929, that they would not renew the lease. In November, 1929, Jacob Schreiber had leased the Fine

Arts Theatre and instituted a policy of keeping the theater open 24 hours each day; the success of this policy led Schreiber to negotiate the purchase of the lease of the Colonial Theatre from Albert A. Sage. On January 16, 1930, Jacob Schreiber secured an option from Albert A. Sage which entitled him to the purchase of the Sage lease of the Colonial Theatre and when Sage declined to perform the option Jacob Schreiber filed his bill of complaint for specific performance. When the cause reached our court, we decreed specific performance of the option and referred the cause to the trial court to take testimony, either in open court or by reference to a circuit court commissioner, after reasonable notice to the parties, to determine all credits or damages which may be allowable to any party, other than any credit or claim due plaintiff for any breach of the covenants of the lease dated July 18, 1918.

The decree of our court also provided that:

"Upon the plaintiff, within 30 days from the date of the entry of this decree, paying to the clerk of the circuit court for the county of Wayne the sum of $28,500 * * * the defendant Albert A. Sage is hereby ordered and decreed to assign and transfer and convey to the plaintiff, the Colonial Theatrical Enterprises, a Michigan corporation, as of February 1, 1930, a certain lease dated December 1, 1915, between Thomas Hunter as lessor and Clara A. Hoffman and Graham Hoffman as lessees, covering premises situated in the city of Detroit, county of Wayne, in the State of Michigan, known and described as: * * * which lease was duly assigned on December 6, 1917, by Clara A. Hoffman and Graham Hoffman to Albert A. Sage * * * and it is further ordered that said Albert A. Sage do assign, transfer and convey to the said plaintiff, as of February 1, 1930, a certain sublease and the covenants and undertakings of the lessee therein and assignees thereof covering the said premises as aforesaid dated July 18, 1918,

wherein Albert A. Sage is lessor and Herman Warren and Ben Cohen are lessees. * * *

"This decree is entered without prejudice to plaintiff's rights against Ben Cohen, Lou Cohen and/or Herman Warren for damages for any breach of any covenant or agreement contained in said lease dated July 18, 1918, for which plaintiff has not been compensated under the prior provisions of this decree, and for the breach of such covenants or agreements, plaintiff is hereby remitted to its remedy by separate suit."

The trial court found that:

1. The decree fixes Jacob Schreiber's right of possession as of February 1, 1930, and provides for the assessment of damages against Sage and Farrington, leaving plaintiff to a separate suit against the Cohens for damages for any breach of any covenants or agreements contained in the lease dated July 18, 1918;

2. Sage and Farrington permitted the Cohens to remain in possession of the premises from February 1, 1930, to September 14, 1931. During this period the Cohens paid rent to Sage at the rate of $2,166.66 per month or a total of $42,249.87. This monthly rental included the sum of $100 per month for the use of personal property contained in the premises. Sage and Farrington paid during this period on the Hunter lease the sum of $1,500 per month or a total of $29,250.

3. State and county taxes from December 1, 1930, to November 30, 1931, in the amount of $2,660.74 and city taxes from July 1, 1930, to June 30, 1931, in the amount of $7,084.23 were paid. Plaintiff should be credited with city taxes from July 1 to September 15, 1931 at $590.35 per month, in the total amount of $1,422.76 and should be debited with State and county taxes for the same period at the rate of $221.73 per month or the total amount of $546.93;

4. Plaintiff's taxed costs amount to $2,301.90 principal and $60 interest to February 1, 1932.

The following specific amounts were found due plaintiff by the trial court:

Rent on Colonial Theatre from February 1, 1930, to September 14, 1931, at $2,166.66 per month.................. $42,249.87
Credit by rent paid to Hunter during same period.............. $29,250.00
                                    12,999.87

                        $42,249.87   42,249.87

To balance as found due to the plaintiff as above set forth.................... $12,999.87
To net credit on taxes.................   875.83
To taxed costs in the Supreme Court.... 2,301.90
To interest thereon to Feb. 1, 1932......   60.00
Unpaid water bill.....................   45.44
Rent, United Cigar Store.............   190.72
Rent of restaurant....................   190.72
Rent of candy concession.............   109.07

                                   $16,773.55
City taxes............................ $7,811.95
Interest thereon .....................   124.91
County taxes.......................... 2,966.73
Interest thereon .....................   333.33

(Trial court found $28,000.47)...... $28,010.47
Credits by stipulation of December 2, 1931................................ 17,903.52
By stipulation........................ 4,000.00

                                   $21,903.52
Balance due under Judge's decree (Trial court found $6,096.95)........ 6,106.95

                                   $28,010.47

Before the case came on for trial Farrington had died and shortly thereafter plaintiff, under Court Rule No. 42 (1931), demanded admission of the facts that Frank Farrington was present at the negotiations and delivery of the option and received $1,500 payment for the option. These facts were not admitted and during the trial plaintiff secured witnesses from Florida to prove the claimed facts. About nine months after the cause was tried and after the final decree had been entered, plaintiff made a motion, supported by an affidavit to tax the costs under Court Rule No. 42 (1931), and claimed an attorney fee of $5,000 and expenses of $578.64. The trial court denied plaintiff the attorney fee and expenses claimed under Court Rule No. 42 (1931); denied interest upon the several amounts found due; denied the right to a tort judgment; denied plaintiff the right to double damages for rent covering the period from December 1, 1930, to September 14, 1931, and decreed that there was no liability on the part of the Cohens for damages to plaintiff.

Plaintiff appeals. We are of the opinion that upon the showing made plaintiff was not entitled to the attorney fees and expenses claimed. Court Rule No. 42, § 2 (1931) provides:

"The expenses incurred in proving such fact or facts, including a reasonable counsel fee for the time and attention devoted thereto, must be ascertained at the trial and paid by the party so neglecting or refusing * * * unless at the trial or hearing, the court or a judge certify that the refusal to admit was reasonable, or unless the court or judge, at any time, shall order or direct otherwise."

The record shows that the application for attorney fees was made upon motion with affidavit attached thereto nearly nine months after the cause was tried.

Under the above rule the trial judge may allow a reasonable attorney fee at the time of the trial or at a later date. In the instant case, the amount petitioned for is the sum of $5,000 for attorney fees and expenses of $578.64. The amount asked for is so large that it should call for an itemized statement of its various items, a showing of the absolute necessity of the required evidence, and that the same could not have been procured by other witnesses and produced at the trial of the cause. In view of the foregoing, we are not disposed to reverse the order of the trial court.

Plaintiff next contends that the trial court was in error in his failure to allow damages for the period that the Cohens occupied the premises contrary to the rights of plaintiff. In our former opinion we decreed that plaintiff became the owner of the lease from Hunter to Sage as of February 1, 1930. The Cohens occupied the premises until September 14, 1931, a period of nearly one year and eight and one-half months. The trial court found that during this period the Cohens paid Sage rent at the rate of $2,166.66 per month and that during this same period Sage and Farrington paid on the Hunter lease rent at the rate of $1,500 per month; that city taxes had been paid from July 1, 1930, to and including June 30, 1931; that plaintiff should be credited and allowed city taxes from July 1, to September 15, 1931, and should be debited with State and county taxes for the same period. There appears to be no dispute that the rent of $2,166.66 per month paid by the Cohens to Sage and the $825 per month, the average monthly taxes, are proper elements of reasonable rental value. Plaintiff contends that there is no covenant in the lease to refund the tenant taxes paid for the governmental fiscal period extending

beyond the leasehold and that such taxes are not apportionable and cites *Schreiber* v. *Adams,* 259 Mich. 1, as authority therefor. We do not question the rule enunciated in this case, but in the case at bar there was no covenant by the Cohens with plaintiff. We are not concerned with the covenant between the Cohens and Sages and the rule has no application to the facts in the case at bar. We, therefore, affirm the finding of the trial court as to the amounts of the several items involved. Nor do we think interest should be allowed as it appears that on December 2, 1931, a stipulation was entered into between the parties providing for the entry of an order permitting plaintiff to withdraw approximately the amount found due under the findings of the trial court. The failure of plaintiff to withdraw this money does not entitle him to interest on any amount not withdrawn.

Plaintiff next contends that the rental value of the premises should be doubled during the period from December 1, 1930, to September 14, 1931.

Section 14986, 3 Comp. Laws 1929, provides as follows:

"The plaintiff obtaining restitution of any premises under the provisions of this chapter, shall be entitled to an action of trespass on the case against the defendant, and may recover double damages from the time of the forcible entry, or forcible detainer, or of the notice to quit, or demand of possession, as the case may be."

The above section has no application to the facts involved in this cause. The relief that plaintiff was entitled to was adjudicated when the cause was before this court. By the terms of the decree entered, the only item left for determination was the amount of damages due any party. We agree with the trial

judge that there is no liability on the part of the Cohens for damages to plaintiff in this case. The decree provides for damages as against Sage and Farrington and plaintiff is left to a separate action against the Cohens. The following is a part of the decree applicable hereto:

"That this decree is entered without prejudice to plaintiff's rights against Ben Cohen, Lou Cohen and/or Herman Warren for damages for any breach of any covenant or agreement contained in the said lease dated July 18, 1918, for which plaintiff has not been compensated under the prior provisions of this decree, and for the breach of such covenants or agreements, plaintiff is hereby remitted to its remedy by separate suit."

The decree of the trial court is affirmed. Defendants may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, POTTER, and CHANDLER, JJ., concurred. BUSHNELL, J., did not sit.